UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL YANCEY, 05-CV-0289E(F)

                Plaintiff,

                                                      MEMORANDUM

-vs-

                                                        and

COMMISSIONER OF SOCIAL SECURITY,

                                                        ORDER[1]

                Defendant.

---

        Plaintiff Daniel Yancey ("Yancey"), proceeding *pro se*, filed this action seeking review of the determination of the Commissioner of Social Security that he was not disabled and thus not entitled to benefits under the Social Security Act. Yancey's Complaint does not allege a specific defect in the determination and merely seeks review. Pending before the Court is the Commissioner's Motion for Judgment on the Pleadings. The Commissioner argues that the ALJ's decision was correct and was supported by substantial evidence. Despite having been served with the Motion and with the briefing schedule as set by Magistrate Judge Foschio,[2] Yancy has failed to oppose the Commissioner's Motion.

---

[1] This decision may be cited in whole or in any part.

[2] This matter was referred to Magistrate Judge Leslie G. Foschio on September 23, 2005. Judge Foschio issued an Order on September 30, 2005 requiring that any motions be filed by February 28, 2006 and any responses thereto be filed by April 28, 2006. The Commissioner's Motion was filed on February 28, 2006. As no decision on the Motion has yet been made, the Court revokes its previously issued referral order to Magistrate Judge Foschio.

BACKGROUND

On March 3, 2003, Yancy, a 37 year old[3] former mental health specialist for Baker Victory Services in Lackawanna, N.Y., and former production laborer, applied for Social Security disability benefits claiming that he was disabled due to low back pain and left ankle pain.[4] Initially Yancy claimed an onset of his disabling condition as of July 7, 2002, but later amended his alleged onset date to June 1, 2001. His application was initially denied and he requested a hearing before the ALJ. On August 4, 2004, Yancy, represented by counsel, appeared before the ALJ for the hearing and testified. The ALJ also heard testimony from Kristan Sagliocco, a vocational expert. The ALJ denied Yancy's claim on October 26, 2004. The Appeals Council denied review on February 28, 2005, at which time the ALJ's decision became the Commissioner's final determination. Yancy then commenced this action on April 28, 2005.

DISCUSSION

The Court may set aside the Commissioner's decision only if it is based upon legal error or his factual findings are not supported by substantial evidence. *See* 42 U.S.C. §405(g). The United States Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson* v. *Perales*, 402 U.S.

---

[3] Yancey was 37 years old at the time he applied for Social Security disability benefits.

[4] Yancey also claimed residual inability to fully flex his right fourth digit as a result of a tendon repair in 1993.

389, 401 (1971) (*quoting Consolidated Edison Co.* v. *National Labor Relations Bd.*, 305 U.S. 197, 229 (1938)).

In order to demonstrate disability under the Social Security Act, the plaintiff must show, by medically acceptable clinical and laboratory evidence, that he is unable to engage in substantial gainful activity due to a mental or physical impairment that has lasted or can be expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. §423(d). For purposes of considering claims of disability, the Commissioner engages in a five-step sequential evaluation of the claim. *See*, *e.g.*, *Butts* v. *Barnhart*, 338 F.3d 377, 380-81 (2d Cir. 2004). The Court has reviewed the administrative record and concludes that the ALJ's determination was supported by substantial evidence and that the Commissioner's Motion for Judgment on the Pleadings should be granted.

The ALJ determined that Yancey had not engaged in substantial gainful activity since his alleged onset date. (R. 13.) He further concluded that Yancey's back disorders and ankle pain are "severe" impairments within the meaning of the Social Security Regulations, specifically, 20 C.F.R. §404.1520[5], but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P.[6] (R. 13.) In making that determination, the ALJ considered all of the medical evidence

---

[5] 20 C.F.R. §404.1520 indicates that an impairment is severe if it significantly limits and individual's physical or mental ability to do basic work activities.

[6] If an individual's impairment or combination of impairments meets or medically equals such a "listed" impairment, the individual is determined to be disabled.

including the records from Yancey's treating physicians as well as consulting physicians. (R. 13-15.) The ALJ concluded that, even though Yancey had been diagnosed with a disc herniation with annular tear and disc degeneration at L4-5 and disc degeneration at L5-S1, the objective medical evidence did not demonstrate the required combination of diagnostic findings and neurological deficits in order to meet one of the listed impairments. (R. 13-14.) The ALJ reached a similar conclusion with respect to Yancey's ankle impairment, concluding that no evidence demonstrated any inability to ambulate effectively. (R. 15.)[7]

The ALJ then considered Yancey's residual functional capacity to perform his past relevant work or any work. In determining that issue, the ALJ considered all of the relevant medical evidence, Yancey's testimony and Yancey's complaints of pain and other symptoms — to the extent credible. In that respect, the ALJ concluded that Yancey's account of the severity of his symptoms could not be fully credited. The ALJ concluded that the medical evidence supports the claims of low back and ankle impairment such that Yancey would be expected to have some pain but that such impairments would not be expected to produce pain to the extent that Yancey would be precluded from performing any work. (R. 16.) With respect to Yancey's assertion that his medications made him dizzy and drowsy to the extent that work

---

[7] With respect to Yancey's claimed impairment to the fourth digit on his right hand, the ALJ determined that, while Yancey demonstrated an inability to completely close that finger, Yancey is left-hand dominant and that the impairment to his right finger is not "severe" because it does not significantly limit his ability to perform basic work activities. (R. 15.)

is precluded, the ALJ did not fully credit such assertions as there is no indication in the record that Yancey ever complained to any physician regarding these side-effects, and despite such alleged effects, Yancey is still able to drive several times a week and read. (R. 17.)

The ALJ concluded that Yancey retains the residual functional capacity to perform light and sedentary work which would allow him to sit or stand at his option and does not require standing or walking for more than 10 minutes at a time. (R. 17.) Such residual functional capacity precludes Yancey from performing his past relevant work as a mental health specialist or as a production laborer as those positions required more weight-bearing and postural exertion than Yancey is now capable of performing. (R. 18.) In determining whether sufficient jobs exist in the regional and national economy of which Yancey is capable of performing, the ALJ concluded that Yancey is unable to perform the full range of light work as such work may require the frequently lifting of objects weighing up to 10 pounds, or may require standing or walking or pushing or pulling of arm or leg controls. (R. 18.) Relying on the vocational expert's testimony with respect to the types and numbers of jobs available in the regional and national economy, the ALJ concluded that Yancey is capable of making adjustment to such employment and thus, he is not disabled within the meaning of the Act. (R. 19.)

Upon review of the record in this matter, the Court concludes that the ALJ applied the proper legal standards in considering Yancey's claim, reviewed and

discussed the medical documentation and that the ALJ's determination was supported by substantial evidence.

## CONCLUSION

Accordingly, the Commissioner's Motion for Judgment on the Pleadings is granted and the Clerk of the Court is directed to take all steps necessary to close the case.

DATED:   Buffalo, N.Y.

   March 2, 2007

                                                  /s/ John T. Elfvin
                                                  JOHN T. ELFVIN
                                                  S.U.S.D.J.